```
                   UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SANTOS RAMOS RODRIGUEZ,           :   CASE NO. 1:11-CV-2267
                                  :
         Plaintiff                :   (Judge Caldwell)
                                  :
    v.                            :   (Magistrate Judge Smyser)
                                  :
                                  :
THE COURT OF COMMON PLEAS         :
OF YORK COUNTY, et al.,           :
                                  :
         Defendants               :
```

## REPORT AND RECOMMENDATION

In this case, the plaintiff is seeking a writ of habeas corpus and a writ of mandamus as well as seeking relief in connection with 42 U.S.C. § 1983 claims. For the following reasons, we recommend that his requests for a writ of habeas corpus and a writ of mandamus be denied. With the exception of his due process claim against the Department of Corrections defendants, we also recommend that his Section 1983 claims be dismissed. We recommend that the due process claim against the Department of Corrections defendants be transferred to the United States District Court for the Western District of Pennsylvania.

I. Background and Procedural History.

On December 7, 2011, the plaintiff, a state prisoner proceeding *pro se*, commenced this action by filing a document titled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, a petition for a writ of mandamus, and a 42 U.S.C. § 1983 action.  One the second page of this document, the plaintiff also mentions 28 U.S.C. § 2254.

The plaintiff alleges that in December of 2005 he was arrested on various drug charges.  He alleges that the police executed a number of search warrants and seized numerous items including cash.  In 2006, the plaintiff was convicted and sentenced to a term of imprisonment of 30 to 60 years and a fine of $190,000.

The plaintiff alleges that he was given credit for full payment of the fine from the cash that was seized in connection with his arrest.  But, contrary to the plaintiff's apparent expectations, he was not released from custody.  The Department

2

of Corrections later began deducting money from his prison account to pay the $190,000 fine, which the plaintiff believes he already paid.

The plaintiff claims that he has been denied due process because he should have been released when he paid the fine. We also construe the complaint to be claiming that he was denied due process by the deduction of funds from his prison account when he has already paid the fine.

II. Habeas Corpus.

When a prisoner challenges the duration of his confinement "and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, the plaintiff may not seek relief from custody except in a habeas corpus action. Since the plaintiff is a state prisoner

any habeas corpus petition is a petition pursuant to 28 U.S.C. § 2254.

We initially construed the document filed by the plaintiff as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We gave the plaintiff the notice required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and directed him to complete an election form indicating how he intends to proceed. The plaintiff, however, has not completed the election form.

The plaintiff's contention that he his entitled to a writ of habeas corpus because he was not released when his fine was paid is without merit. The plaintiff asserts that he was sentenced to a term of imprisonment and a fine. Even assuming that it is true that he paid the fine, payment of the fine does not entitled him to release from imprisonment. Accordingly, the plaintiff is not entitled to a writ of habeas corpus.

III. Mandamus.

The plaintiff titled his complaint in part as a petition for a writ of mandamus.

28 U.S.C. § 1361 provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The plaintiff, however, is not seeking mandamus relief to compel a federal official or employee to perform a duty. Rather, the plaintiff is seeking mandamus relief as to state entities and officials. But this court does not have jurisdiction under 28 U.S.C. § 1361 to issue a mandamus order to state officials. *Harman v. Datte,* 427 Fed.Appx. 240, 243 (3d Cir. 2011).

This court does have authority, under the All Writs Act, to issue a writ in the nature of mandamus when necessary or appropriate in aid of its jurisdiction and agreeable to the usages and principles of law. 28 U.S.C. § 1651. But the All

Writs Act does not provide an independent basis for jurisdiction and may be invoked only in aid of jurisdiction already possessed by the court on some other ground. *See Jones v. Lilly*, 37 F.3d 964, 967 (3d Cir. 1994)("the writ issued must aid the court in the exercise of its jurisdiction"). In this case, issuing a writ in the nature of mandamus would not aid the court in the exercise of its jurisdiction. Accordingly, the plaintiff is not entitled to a writ of mandamus.

IV. 42 U.S.C. § 1983.

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one

6

acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

The plaintiff names the following individuals as defendants in connection with his 42 U.S.C. § 1983 claims: 1) Judge John H. Chronister; 2) Judge John S. Kennedy; 3) Seamus D. Dubbas, an assistant district attorney; 4) Christopher Keppel, a Pennsylvania State Police trooper; 5) Don O'Shell, a Clerk of Court; 6) Judith Vigleone, a director of records with the Pennsylvania Department of Corrections; 7) the Erie County Court of Common Pleas; 8) Jack Daneri, a district attorney; 9) Chery Gill, a records supervisor at SCI-Albion; 10) Sandra Gorniak, an accountant at SCI-Albion; and 11) Raymond Sobina, the Superintendent at SCI-Albion.

The plaintiff claims that his criminal judgment is void because he paid the fine and that some of the defendants were involved with either procuring or entering that judgment.

Those claims, however, are barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck v. Humphrey*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such [a] determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 477, 486-87 (1994)(footnote omitted). Even if a plaintiff has exhausted available state remedies, he has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the granting of a writ of habeas corpus. *Id.* at 489.

*Heck* addressed a claim for monetary damages. But the reasoning of *Heck* also applies to claims for declaratory relief

that would necessarily imply the invalidity of the plaintiff's confinement. *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005).

     To succeed on his claims regarding his criminal judgment, the plaintiff would need to show that his criminal judgment is void. Therefore, his claims are not cognizable under 42 U.S.C. § 1983 unless or until that judgment has been set aside. As is apparent from the plaintiff's complaint, the criminal judgment has not been set aside. And so the plaintiff's claims are barred by *Heck*.[1]

---

1. In addition, the claims for damages against the judges and the district attorneys are barred by absolute immunity. *See Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d. Cir. 2000)(judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409 (1976)(prosecutorial immunity).

That leaves the claim against the Department of Corrections defendants based on the deductions from his prison account. We construe that claim as a due process claim. That may be a viable claim. *See Montanez v. Beard,* 344 Fed.Appx. 833 (3d Cir. 2009)(holding that complaint by two prisoners based on deductions from their account to pay criminal penalties pursuant to Pennsylvania's Act 84 stated a due process claim upon which relief can be granted). But that claim involves deductions made by officials at SCI-Albion, which is in the Western District of Pennsylvania. Since venue for that claim is proper in the United States District Court for the Western District of Pennsylvania not this court, we recommend that that claim be transferred pursuant to 28 U.S.C. § 1406 to the United States District Court for the Western District of Pennsylvania.

V. Recommendations.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus and the petition for a writ of mandamus be denied. It is further recommended that all

10

of the plaintiff's 42 U.S.C. § 1983 claims be dismissed except the due process claim against the Department of Corrections defendants based on the deduction of funds from the plaintiff's prison account.  It is further recommended that the due process claim against the Department of Corrections defendants be transferred to the United States District Court for the Western District of Pennsylvania.

                                      ***/s/ J. Andrew Smyser***
                                      J. Andrew Smyser
                                      Magistrate Judge

Dated:  March 16, 2012.