UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SANTOS RAMOS RODRIGUEZ,  :
    Plaintiff  :
      :
    v.  : CIVIL NO. 1:11-CV-2267
      :
THE COURT OF COMMON PLEAS  :
OF YORK COUNTY, *et al.*,  :
    Defendants  :

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    We are considering Plaintiff's objections to the Report and Recommendation ("R&R") of Magistrate Judge Smyser.  Plaintiff, a state prisoner, seeks writs of habeas corpus and mandamus as well as relief from claims brought pursuant to 42 U.S.C. § 1983.  The magistrate judge recommends that we deny Plaintiff's requests for a writ of habeas corpus and a writ of mandamus.  He also recommends that we dismiss all civil rights claims except the due process claim against the Department of Corrections Defendants.

    Plaintiff objects to the R&R, because it was issued without service to Defendants.  Pursuant to 28 U.S.C. § 1915A, the court must review a complaint in a civil action filed by a prisoner against government entities, and "shall . . . dismiss the complaint, or any portion of the complaint, if [it]. . . fails to state a claim upon which relief may be granted."  Service to a defendant is not a requirement under the statute.

Plaintiff objects to the magistrate judge's contention that Plaintiff "alleges that he was given credit for full payment of the fine from the cash that was seized in connection with his arrest." Plaintiff argues that "No where in the petition or complaint does the plaintiff state that the credit for full payment . . . was from cash seized in connection with his arrest." (Doc. 9, at 3). This fact is immaterial to the determination of Plaintiff's claims at this point.

Plaintiff next objects to the magistrate judge's determination that he is not entitled to a writ of habeas corpus, because a court does not have the power to impose a prison sentence in addition to a fine. In support of this contention, Plaintiff cites the Double Jeopardy Clause of the Fifth Amendment. The Fifth Amendment protects against successive punishments and successive prosecutions, and does not apply to Plaintiff's case. United States v. Ursery, 518 U.S. 267, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996).

Plaintiff objects to Magistrate Judge Smyser's determination that his civil claims, aside from his due process claim against the Department of Corrections defendants, must be dismissed. The Report explains that in order to bring a civil claim for unconstitutional conviction and imprisonment, Plaintiff must prove that the conviction or sentence has been reversed, expunged, invalidated, or impugned by the granting of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Plaintiff does not allege that this requirement has been met, and instead argues his criminal judgment is void because he cannot be subjected to imprisonment and the imposition of

a fine.  Plaintiff relies on the Supreme Court's decision in North Carolina v. Pearce, finding that the Fifth Amendment "protects against multiple punishments for the same offense."  The Fifth Amendment, however, does not prevent the imposition of one punishment that includes both a prison term and a fine.

Plaintiff does not appear to object to the magistrate judge's recommendation that we deny his request for a writ of mandamus.

AND NOW, this 7th day of May, 2012, upon consideration of the report and recommendation of the magistrate judge (Doc. 8), filed March 16, 2012, and Plaintiff's objections, it is ordered that:

1.  The magistrate judge's report (Doc. 8) is adopted.

2.  Plaintiff's objections (Doc. 9) are OVERRULED.

3. Plaintiff's request for a writ of habeas corpus is DENIED.

4.  Plaintiff's request for a writ of mandamus is DENIED.

5.  Defendants The Court of Common Pleas of York County, the Commonwealth of Pennsylvania, and the Pennsylvania State Attorney General are DISMISSED.

4.  The Clerk of Court shall transfer this case to the Western District of Pennsylvania, as per Judge Smyser's recommendation.

      /s/ William W. Caldwell  
      William W. Caldwell  
      United States District Judge